UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MELODIE LYNN REAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 3:14-cv-224-PPS-CAN |
| | ) |
| NANCY A. BERRYHILL[1] Acting | ) |
| Commissioner of Social Security | ) |
| Administration, | ) |
| | ) |
| Defendant. | ) |

## AMENDED OPINION AND ORDER

This matter is before me on Plaintiff's counsel's motion for attorney fees Pursuant to 42 U.S.C. § 406(b)(1), DE 25, which seeks $16,300.00 in attorney's fees, a percentage of the past-due Social Security Disability Insurance Benefits awarded by the Commissioner of Social Security to Plaintiff. For the reasons explained in detail below, I find the request reasonable and the motion is **GRANTED**.

## Background

After being denied Disability Insurance benefits under the provisions of the Social Security Act, Plaintiff appealed her case to this Court on February 4, 2014. [DE 1.] On March 30, 2015, I remanded the case for further proceedings and a new decision by

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted for her predecessor, Carolyn W. Colvin, as defendant in this suit.

the ALJ. [DE 18.] On July 13, 2015, I approved the Parties' Joint Stipulation for Attorney Fees pursuant to the Equal Access to Justice Act. [DE 23.]

On remand from this Court, Plaintiff then received a Notice of Award ("NOA") from the Commissioner in her favor. The NOA awarded Plaintiff $104,690.00 in total back benefits. [DE 25-3 at 6-11.] The Commissioner withheld $26,172.50 of the award for Plaintiff's counsel for their work on the case. [*Id.* at 8.] Plaintiff's counsel now asks me to approve a fee authorization in the amount of $16,300.00 pursuant to Section 206(b)(1) of the Social Security Act. [DE 25-2 at 4.] Plaintiff's counsel represents that they will request that the Social Security Administration approve $9,887.60 as their fee for work before the agency, thus requesting a total of $26,172.50,[2] the total amount withheld by the Commissioner, for work before the agency and federal court. [*Id.*] The Government has not objected to the request.

## Discussion

Section 406(b) of the Social Security Act provides: "Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a

---

[2]Throughout their briefing, Plaintiff's counsel states that the amount withheld by the Commissioner for fees as $26,172.<u>60</u>, when it was $.10 less. I believe this is likely a typo and will read Plaintiff counsel's briefing to represent that their requested fees to be approved by Social Security Administration, in combination with their requested fees to be approved by me, equal the withheld $26,172.50.

2

reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). Section 406(b) is intended to control, but not displace, contingent fee arrangements. *Gisbrecht v. Barnhart*, 535 U.S. 789, 793 (2002). The district court is to review the amount set by the fee agreement for reasonableness based on "the character of the representation and the results the representative achieved." *Id.* at 807. The Supreme Court described three situations in which courts have appropriately reduced fees as unreasonable: (1) the representation is substandard, (2) counsel's delay caused past-due benefits to accumulate during the pendency of the case in court, and (3) past-due benefits are large in comparison to the amount of time counsel spent on the case. *Id.* at 808.

Here, Plaintiff entered into a twenty-five-percent contingency fee agreement with the Law Offices of Harry J. Binder and Charles E. Binder. [DE 25-3 at 2.] Plaintiff was awarded past due benefits in the amount of $104.690.00, and the Commissioner withheld 25%, $26,172.50, in case Plaintiff needed to pay counsel, $16,300.00 of which counsel now asks me to award them. This amount is reasonable. First, Plaintiff's counsel's representation was not substandard. On the contrary, counsel secured a remand from this court and reversal of the original administrative decision resulting in the Plaintiff receiving a full favorable decision and an award of six years of retroactive benefits. Further, counsel did not cause any unnecessary delay.

Finally, counsel worked on contingent fee basis, so the risk that they won't recover for their client, and thus won't be paid at all, has to be priced in to the computation of a reasonable fee. *See Bastic v. Bowen*, 691 F. Supp. 1176, 1177 (N.D. Ill. 1988) ("[A] universe in which lawyers go wholly unpaid in cases they lose, but are paid for the cases they win at rates that fail to reflect the risk of loss, is a distorted universe."). The risk of no recovery is high in a Social Security case. *See Martinez v. Astrue*, 630 F.3d 693, (7th Cir. 2011) (discussing a study finding 65.05% of Social Security appeals resulted in an affirmance of the denial of benefits). In this context, then, an award of $16,300.00 is not unreasonable. And awards of larger size have been approved in this district. *See, e.g. Soptich v. Colvin*, No. 3:15-CV-109, 2017 WL 711021, at *2 (N.D. Ind. 2017) (approving award of $18,646); *Denune v. Colvin*, No. 1:11-CV-64, 2014 WL 3899308, at *4 (N.D. Ind. 2014) (approving award of $24,830); *Sparrow v. Astrue*, No. 3:07-CV-506-TLS, 2010 WL 2195276, at *1 (N.D. Ind. 2010) (approving award of $17,322.10). Plaintiff's counsel achieved the result their client sought in filing the suit and should be properly compensated for their work.

There is one final piece of business. Plaintiff's counsel already has received $3,800.00 in EAJA fees. While fee awards may be made under both Section 406 and the EAJA, the attorney must refund to the claimant the amount of the smaller fee. *Gisbrecht*, 535 U.S. at 796. Plaintiff's counsel agrees to refund the $3,800.00 in EAJA fees. [DE 25-2 at 4.]

4

**Conclusion**

Plaintiff's counsel's motion for attorney fees Pursuant to 42 U.S.C. § 406(b)(1), DE 25, **GRANTED.** The Court **GRANTS** Counsel's petition for §406(b) fees in the amount of $16,300.00. The Court **ORDERS** that payment by the Commissioner in the amount of $16,300.00 be paid directly to the Law Offices of Charles E. Binder and Harry J. Binder, LLP. The Court further **ORDERS** the Law Offices of Charles E. Binder and Harry J. Binder, LLP to **REFUND** Plaintiff $3,800.00 which represents the amount of the EAJA award already paid to the Law Offices of Charles E. Binder and Harry J. Binder, LLP and now credited to Plaintiff.

**SO ORDERED.**

ENTERED: August 11, 2017.

s/ Philip P. Simon
**PHILIP P. SIMON, JUDGE**
**UNITED STATES DISTRICT COURT**